Consolidated Water Power & Paper Company, Appellant, v. The Louisville Herald Company, Appellee.

Gen. No. 23,697.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed July 10, 1918. *Certiorari* denied by Supreme Court (making opinion final).

Statement of the Case.

Action by Consolidated Water Power & Paper Company, a corporation, plaintiff, against The Louisville Herald Company, a corporation, defendant, to recover a balance alleged to be due under an agreement for the sale of paper.

The defendant filed an affidavit of merits, denying that there was any balance due beyond the sum of $1,830.86, which amount, it said, it stood ready to pay. The trial court entered an order that the plaintiff recover from the defendant $1,830.86, the amount admitted by the latter to be due, and by the same order the court reserved for future determination the question of the further claims of the plaintiff which were

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

denied by the defendant. The amount so awarded was paid by the defendant and the order satisfied in that regard. The defendant then filed a counterclaim alleging the existence of a written contract between the parties and a breach thereof by plaintiff, whereby the defendant had suffered damages as alleged. To this statement of counterclaim, the plaintiff filed an affidavit of merits, contending that it had not committed any breach of the contract.

A trial of these issues being had before the court without a jury, the court found the issues for the defendant, both on the claim made by the plaintiff and the counterclaim made by the defendant, and entered judgment against the plaintiff for $5,656.29, being the damages alleged by it in its counterclaim. From this judgment, the plaintiff appeals.

GREGORY, BURGES & McNAB and GOGGINS, BRAZEAU & GOGGINS, for appellant.

LANDON & HOLT, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 65*—*how contract construed as to minimum amount buyer required to buy during specified period.* Where a contract for the purchase of goods provides that the seller agrees to sell and the buyer to buy during a period of eleven months a specified number of tons of the goods "with a leeway of five per cent. over or under in quantity per year," the latter provision is to be construed as fixing the minimum amount which the seller can compel the buyer to take and the maximum amount which the buyer can compel the seller to deliver, and the amount so fixed is not controlled by the fact that such provision is followed by a further provision that the goods are for the buyer's use, in a paper published by it and for its continuous use during the eleven months.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Consol. W. P. & P. Co. v. The L. H. Co., 211 Ill. App. 569.

2. CONTRACTS, § 187*—*when interpretation by acts of parties not controlling.* The rule that the courts will look to the acts of the parties indicating their interpretation of the contract, where its terms are ambiguous, will not be permitted to prevent the enforcement of the legal effect of a contract which is unambiguous in language and meaning.

3. SALES, § 64*—*when not shown that purchaser construed contract as only requiring seller to furnish goods sufficient for requirements of buyer's business.* The conduct of a purchaser of goods under a contract which provides that the seller will furnish him a certain amount of goods for a specified purpose during the life of the contract, in seeking to procure from the seller additional goods for its use, *held* not to show that the purchaser construed the contract as requiring the seller to furnish him only such amount as the purchaser's business required, rather than as calling for the furnishing of a specified amount.

4. SALES, § 64*—*when contract for paper not construed as requirement contract for amount needed by purchaser.* A contract between the manufacturer of paper and a purchaser whereby the manufacturer agreed to sell and the purchaser to buy and receive for its use in the publication of a paper published by it and for its continuous use during eleven months, from one specified date to another, a certain number of tons of paper, "with a leeway of five per cent. over or under in quantity per year," shipments to be at the rate of a specified number of tons per month, *held* not to be a requirement contract binding the manufacturer to supply so much only as was needed by the purchaser, but to bind him to deliver and the purchaser to take the number of tons stipulated in the contract.

5. CUSTOMS AND USAGES, § 15*—*when custom cannot control terms of contract.* Where the terms of a contract are unambiguous they control, notwithstanding there is a difference between them and a custom shown to obtain in the business as to which the contract was made.

6. SALES, § 373*—*when waiver of provision of contract as to amount of goods to be supplied not shown.* In an action to recover under a contract to supply a certain quantity of goods, evidence *held* insufficient to show a waiver of the provision as to the quantity to be supplied.

7. SALES, § 17*—*lack of consideration for agreement to pay price for goods in excess of contract price.* The agreement by the purchaser of goods that it will pay for such goods at a price in excess of that fixed in the contract under which the goods were sold, *held* to be void and unenforceable as based on no consideration.

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

8. SALES, § 381*—*what are rights of vendee upon refusal of vendor to perform contract.* Where the vendor refuses to perform his contract, the vendee may recover his damages without having actually purchased the goods elsewhere.

9. SALES, § 376*—*what is measure of recovery by buyer upon refusal of seller to supply goods.* The difference between the contract price and the price at which the vendor of goods was willing to supply the goods to the vendee after the vendor's breach of the contract is the measure of the vendee's recovery, even though a higher price was asked by others than the vendor.